<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LITTY OLEJAR, <br><br>          Plaintiff, <br><br>          v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, *et al.*, <br><br>          Defendants. | Civil Action No. 25-14009 (MAS) (JTQ) <br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendants Justin Keane ("Keane," incorrectly pled as "Justin Keene"), Kanitha Crangle ("Crangle"), and Brooke Arevalo's ("Arevalo," incorrectly pled as "Brooke Arevallo") (collectively, the "Individual Defendants") Motion to Dismiss (ECF No. 8) Plaintiff Litty Olejar's ("Plaintiff") Complaint (ECF No. 1-2). Plaintiff opposed (ECF No. 16), and the Individual Defendants replied (ECF No. 17). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies the Individual Defendants' Motion to Dismiss.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

On or about February 11, 2011, Plaintiff began her employment with Defendant Laboratory Corporation of America Holdings ("Labcorp") as a "Key Account Executive." (Compl. ¶ 7, ECF

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

No. 1-2.) Plaintiff "was considered a stellar employee" and "maintained an unblemished performance record throughout her . . . [thirteen]-year career with the company." (*Id.* ¶ 8.) Plaintiff was, however, terminated in retaliation for her complaints about disability discrimination and harassment. (*Id.* ¶¶ 9-39.)

As a result, Plaintiff filed this Complaint in the Superior Court of New Jersey, Law Division, Somerset County, on June 12, 2025, alleging six causes of action against the Individual Defendants and Labcorp: (1) retaliation for complaining about harassment in violation of the New Jersey Law Against Discrimination (the "NJLAD"), N.J. Stat. Ann. § 10:5-1, *et seq.* ("Count One"); (2) disability discrimination in violation of the NJLAD ("Count Two"); (3) retaliation for requesting an accommodation in violation of the NJLAD ("Count Three"); (4) aiding and abetting in violation of the NJLAD ("Count Four"); (5) retaliatory termination in violation of the NJLAD ("Count Five"); and (6) wrongful discharge in violation of public policy ("Count Six"). (Compl. ¶¶ 40-65.) Labcorp removed the action to this Court on July 31, 2025. (Notice of Removal, ECF No. 1.) Labcorp thereafter filed its Answer to the Complaint. (Answer, ECF No. 6.)

The Individual Defendants subsequently filed the instant Motion to Dismiss (Defs.' Mot. to Dismiss, ECF No. 8), Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 16), and the Individual Defendants replied (Defs.' Reply Br., ECF No. 17).

## II.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure[2] 12(b)(5), a party may move to dismiss for insufficient service of process. The burden is on the party serving process to show that service was valid. *Grand Ent. Grp. Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Service of

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

2

process is governed by Rule 4. An individual effects proper service by: (1) following state law for serving a summons in the state where the district court is located or where service is made; (2) personal service; (3) leaving the summons and the complaint at the individual's "usual place of abode with someone of suitable age and discretion who resides there"; or (4) delivering a copy of the summons and complaint to an agent "authorized by appointment or by law" to receive service. Fed. R. Civ. P. 4(e).[3]

III.    **DISCUSSION**

The Individual Defendants argue that the Complaint should be dismissed against them because: (1) Plaintiff failed to properly serve the Individual Defendants; and (2) Plaintiff cannot demonstrate "good cause" for such ineffective service. (Defs.' Moving Br. 10-17, ECF No. 8-1.)

A.    **Service was Improper**

As noted above, one way that a plaintiff may serve an individual defendant is by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Moreover, where a case is removed from state to federal court, and a defendant has not yet been served with a state court summons or if "process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Federal procedure requires that:

> If a defendant is not served within 90 days after the complaint is

---

[3] Similarly, under New Jersey law, an individual may be served by: (1) "delivering a copy of the summons and complaint to the individual personally"; (2) "leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein"; or (3) "delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf." N.J. Ct. R. 4:4-4(a)(1).

> filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, Plaintiff contends that she served the Individual Defendants by serving the summonses and Complaint on Labcorp's security guard who, Plaintiff submits, was an agent authorized to accept process on behalf of the Individual Defendants. (Pl.'s Opp'n Br. 7-9.) Plaintiff affirms that she served Keane and Arevalo on July 1, 2025, and Crangle on October 9, 2025. (Garbar Aff. ¶¶ 4-6, ECF No. 16-1.) In support of this contention, Plaintiff attaches the process server's affidavits of service as to Keane, Arevalo, and Crangle which indicate that the process server left the summonses and Complaint with an "Authorized Agent/Security[.]" (Exs. C, D ("Keane, Arevalo Affs. of Service and Acknowledgment of Service"), E ("Crangle Aff. of Service") to Garbar Aff., ECF No. 16-1.) The "Comments or Remarks" section of the Keane and Arevalo affidavits of service explains that "[c]ompany policy is [that] the security [guard] accept[s] service for the business and passes on to the Legal Department. He cannot confirm that the individuals work here . . . he just accepts the service and passes it to the Legal Department." (Keane, Arevalo Affs. of Service and Acknowledgment of Service.) The "Comments or Remarks" section in the Crangle Affidavit of Service explains that "[s]ecurity takes all legal documents for this company and delivers them to the Legal Department. Security Agent is not permitted to confirm status of any individual." (Crangle Aff. of Service and Acknowledgment of Service.)

"[S]ervice upon an agent tends to be strictly construed, requiring an actual appointment for the specific purpose of receiving process." *Enobakhare v. Robert Wood Johnson Univ. Hosp.*, No. 16-1457, 2017 WL 5175597, at *4 (D.N.J. Nov. 8, 2017) (citation modified) (quoting *Nyholm v.*

*Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009)). "New Jersey[, moreover,] has adopted the federal rule that the plaintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process." *Id.* (citation modified) (quoting *Lee v. Genuardi's Family Mkts, L.P.*, No. 10-1641, 2010 WL 2869454, at *4 (D.N.J. July 19, 2010)).

Here, Plaintiff affirms that she served the Individual Defendants by leaving a copy of the summonses and Complaint with the security guard at Labcorp's business address. (Keane, Arevalo, Crangle Affs. of Service and Acknowledgment of Service.) Although this service is sufficient for Labcorp, it does not satisfy either of the first two options for service under the Rules or New Jersey Court rules for the Individual Defendants. *See* Fed. R. Civ. P. 4(e)(2)(A), (B); N.J. Ct. R. 4:4-4(a)(1). While Plaintiff intended to serve the Individual Defendants via an agent, she has not met her burden of showing that the security guard was a designated agent to receive service on behalf of the Individual Defendants. *See Harris v. McDonald*, No. 21-1851, 2022 WL 1671117, at *3 (M.D. Pa. May 25, 2022) (finding that plaintiff failed to meet his burden to show valid service where he failed to establish that the person who accepted service on the defendant's behalf was the defendant's authorized agent); *Sims v. City of Philadelphia*, 552 F. App'x 175, 178 (3d Cir. 2014) (holding that dismissal was warranted where plaintiff failed to establish that the person who accepted service was enabled to receive service on the defendant's behalf); *Touray v. Middlesex County*, 139 F. App'x 428, 430 (3d Cir. 2005) (finding that service of process was improper where plaintiff "did not establish that [the agent was] authorized to receive service of process on [the defendant's] behalf, and there [was] no indication in the record that service upon [the agent] was appropriate.")

As discussed above, the Keane and Arevalo affidavits of service explain that "[c]ompany policy is [that] the security [guard] accept[s] service *for the business* and passes on to the Legal

Department." (Keane, Arevalo Affs. of Service and Acknowledgment of Service (emphasis added).) And the Crangle Affidavit of Service explains that "[s]ecurity takes all legal documents *for this company* and delivers them to the Legal Department." (Crangle Aff. of Service and Acknowledgment of Service (emphasis added).) The plain language of these statements show that the security guard was permitted to and held himself out as authorized to accept service *for Labcorp*, not the Individual Defendants. All of the Individual Defendants, moreover, have affirmed that they did not authorize Labcorp or any Labcorp employee to accept service on their behalf. (Arevalo Decl. ¶ 3, ECF No. 8-4; Keane Decl. ¶ 3, ECF No. 8-6; Crangle Decl. ¶ 5, ECF No. 17-1.) The Court also notes that Plaintiff's attempt to serve Crangle was more than ninety days after the filing of the Complaint, and that Crangle avers that she was neither still employed by Labcorp nor present in New Jersey on October 9, 2025. (Crangle Decl. ¶¶ 2-3.)

The Court therefore finds that Plaintiff did not meet her burden of showing that she properly effectuated service on the Individual Defendants. *State v. Laws*, No. A-5249-13T3, 2017 WL 2471028, at *2 (N.J. Super. Ct. App. Div. June 8, 2017) ("As defendant left the subpoena for the reporter with the security guard at the door of the Asbury Park Press office, this did not constitute effective service."); *R.K. v. Bender*, No. 17-1299, 2017 WL 3302690, at *3 (D.N.J. July 7, 2017) (finding that plaintiff did not effectuate proper service where plaintiff left copies of the summons and complaint with colleagues of defendants at their places of employment), *R. & R. adopted*, No. 17-1299, 2017 WL 3299037 (D.N.J. Aug. 1, 2017); *Harris*, 2022 WL 1671117, at *3 (finding that plaintiff failed to meet his burden to show valid service where he did not establish that the person who accepted service on the defendant's behalf was the defendant's authorized agent).

6

**B.      Extension of Time for Service of Process**

Plaintiff argues that "good cause" exists to support an extension of time to properly serve the Individual Defendants. (Pl.'s Opp'n Br. 7-9.) "District courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Kociuba v. Kari-Out, LLC*, No. 23-1832, 2024 WL 397740, at *5 (D.N.J. Feb. 2, 2024) (citation modified) (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). Courts are "reluctant to dismiss an action" when a plaintiff acts in good faith but fails to effectuate proper service. *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013); *see also Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sep. 30, 2013) (noting that courts will grant additional time to a plaintiff who acts in good faith to properly serve a defendant despite prior failure to effect proper service of process).

The determination of whether to extend time for service of process involves a two-step inquiry. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). First, a court must determine whether good cause exists for a plaintiff's failure to effect timely service. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). If good cause exists, the extension must be granted. *Id.*; *see also* Fed. R. Civ. P. 4(m). Good cause is assessed by examining: (1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve. *See MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Where good cause is lacking, the district court may still, in its discretion, grant an extension of time. *Id.* at 1098. A factor weighing in favor of the exercise of discretion is if the statute of limitations has run in the interim. *See, e.g., Marshall v. Park Plaza Condo. Ass'n*, No. 98-2912, 1999 WL 58656, at *2 (E.D. Pa. Jan. 13, 1999) (citing *Petrucelli*, 46 F.3d at 1305-06; *Boley*, 123

7

F.3d at 759). In considering whether to grant an extension of time to serve process, the Court must be mindful of the "preference" in the Third Circuit for cases to be disposed of on the merits, whenever practicable. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Examining the good cause factors here, the Court first finds that Plaintiff's efforts to serve Keane and Arevalo were reasonable, but her efforts to serve Crangle were not. (Keane, Arevalo, Crangle Affs. of Service and Acknowledgment of Service.) The security guard signed the "acknowledgment of service" forms on behalf of the Individual Defendants, which indicated that he was an "Authorized Person accepting Service of Process for the above listed docket on behalf of" the Individual Defendants. (*Id.*) While this does not mean that the security guard was an authorized agent of the Individual Defendants, it does evidence, at least, a reasonable assumption that the security guard was authorized to accept service. *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *5 (D.N.J. Feb. 1, 2008) (explaining that "[g]ood faith reliance on the *apparent authority* of an individual to accept service on behalf of a defendant may satisfy" proper service of process (emphasis added)), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). This weighs in favor of a finding of good cause. Plaintiff's effort to serve Crangle, however, was not attempted until after the ninety-day period to effectuate service ended, which weighs against a finding of good cause as it relates to Crangle. (*See* Crangle Aff. of Service and Acknowledgment of Service; Compl.)

Second, the Individual Defendants are not prejudiced by the lack of effective service. The Individual Defendants were all on constructive notice of this lawsuit because they all worked at Labcorp when Labcorp was effectively served. (*See generally* Notice of Removal; *see generally* Compl.) The Individual Defendants, moreover, submitted declarations in support of the instant Motion to Dismiss. (*See* Keane Decl.; Arevalo Decl.; Crangle Second Decl., ECF No. 8-5.) The Notice of Removal, additionally, explained that the Individual Defendants were not properly

8

served, which also evidences that the Individual Defendants had knowledge of the action. (Notice of Removal ¶¶ 4-9.) The Individual Defendants undoubtedly have notice of the action now, and will not be prejudiced by an adjudication on the merits. *Adam Techs. LLC v. Well Shin Tech. Co.*, No. 18-10513, 2019 WL 3800236, at *7, *7 n.7 (D.N.J. Aug. 13, 2019) (denying defendants' motion to dismiss because they "clearly had actual notice of this matter and have not been prejudiced by . . . improper service" as evidenced by "the fact that [they] filed a timely motion to dismiss in th[e] matter" and explaining that any prejudice related to improper service was "minimal at best"). This factor thus weighs in favor of a finding of good cause.

Third, Plaintiff did not move for an enlargement of the time to effectuate service. This factor therefore weighs against a finding of good cause.

Whether good cause exists here is a close call. The Court will, however, use its discretion to afford Plaintiff an opportunity to properly serve the Individual Defendants for several reasons: (1) the Individual Defendants have actual notice of the instant action; (2) Plaintiff could have reasonably thought that she served the Individual Defendants based on the Acknowledgment of Service forms; and (3) the two-year statute of limitations for Plaintiff's NJLAD claims would likely have run against the Individual Defendants if the Court dismissed the action as to them. *See id.* at *7 (denying defendants' motion to dismiss because, among other things, defendants had notice of the matter, quashing service, and granting plaintiff additional time to effect proper service); *Carter v. N.J. Assoc. of Sch. Adm'rs*, No. 06-4497, 2007 WL 1101448, at *3 (D.N.J. Apr. 11, 2007) (denying defendant's motion to dismiss and granting plaintiff an extension of time to serve defendant based on "the fact that the statute of limitations would bar [p]laintiff from refiling the . . . action" and "the Third Circuit's preference that cases be disposed of on the merits").

## IV.    <u>CONCLUSION</u>

For the reasons set forth herein, the Court denies the Individual Defendants' Motion to Dismiss and grants Plaintiff additional time to properly serve the Individual Defendants. The Court will issue an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**

**UNITED STATES DISTRICT JUDGE**

DATED: MAY 27, 2026